IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TONIZAH HILL                                              PLAINTIFF

V.                    NO. 4:20CV00107 KGB-PSH

COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION                            DEFENDANT

## RECOMMENDED DISPOSITION

This Recommended Disposition (Recommendation) has been sent to United States District Judge Kristine G. Baker. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

I. **Introduction:**

Plaintiff, Tonizah Hill (appearing *pro se*), applied for disability benefits on October 4, 2016, alleging disability beginning on June 30, 2016. (Tr. at 468-474). The application was denied initially and upon reconsideration *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Ms. Hill's claim. (Tr. at 10-21). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's

decision now stands as the final decision of the Commissioner, and Ms. Hill has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## II. The Commissioner's Decision:

The ALJ found that Ms. Hill had not engaged in substantial gainful activity since the alleged onset date of June 30, 2016. (Tr. at 13). At Step Two of the sequential five-step analysis, the ALJ found that Ms. Hill had the following severe impairments: carpal tunnel syndrome, degenerative changes of the knee, and status post excision of a hip lipoma. *Id.*

After finding that Ms. Hill's impairments did not meet or equal a listed impairment (Tr. at 15), the ALJ determined that Ms. Hill had the residual functional capacity ("RFC") to perform work at the medium exertional level, with limitations. (Tr. at 16). She could not constantly grasp or handle with either upper extremity. *Id*. She could work up to the skilled level, performing complex, detailed, or skilled tasks involving multiple variables. *Id*. She could exercise considerable independent judgment with little or no supervision. *Id*.

The ALJ next found that Ms. Hill could perform her past relevant work. (Tr. at 20). Therefore, the ALJ found that Ms. Hill was not disabled. *Id*.

## III. Discussion:

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

The United States Supreme Court recently held that "whatever the meaning of 'substantial' is in other contexts, the threshold for such evidentiary sufficiency [in Social Security Disability cases] is not high. Substantial evidence…is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in

3

the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B. Ms. Hill's Arguments on Appeal

Ms. Hill contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues vaguely, without supporting legal analysis or citation to the record, that her impairments cause her to be disabled. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Ms. Hill complained of pain from carpal tunnel syndrome in both hands, for which she had surgery in 2016, but post-surgery records showed improvement with no grip or range of motion deficits. (Tr. at 645-646, 1110). Improvement was specifically noted in January 2017. (Tr. at 1140-1141). Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). Ms. Hill consistently showed intact musculoskeletal and neurological functioning. (Tr. at 666, 797, 836, 903-951, 1133-1135). Moreover, the ALJ properly accounted for Ms. Hill's subjective complaints of hand pain when he restricted her bilateral upper extremity motion in the RFC (Tr.

at 16).

While Ms. Hill alleged that plantar fasciitis was disabling, objective findings showed generally normal conditions. (Tr. at 666, 797, 836, 903, 919, 1556, 2251). And her pain improved with treatment. (Tr. at 1240-1246).

A hip lipoma was excised in December 2016, and Ms. Hill improved after that procedure. (Tr. at 945-951, 1348). She still had some pain, but treated conservatively with physical therapy. (Tr. at 2470). Indeed, no doctor recommended aggressive treatment for her conditions. The need for only conservative treatment contradicts allegations of disabling conditions. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). Ms. Hill demonstrated normal gait upon clinical examination, and she was able to conduct a variety of daily activities including caring full-time for her child, two dogs, and her brother, "with his conditions." (Tr. at 494-405, 1512, 1695). Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

As for Ms. Hill's complaints of knee pain, objective testing results showed only mild-to-moderate conditions, and again, her daily activities indicated she was not as impaired as she alleged. (Tr. at 2670-2674). Moreover, no doctor placed any specific functional restriction on her as a result of pain. And she continued to work part-time during the relevant time-period. (Tr. at 1512. 1695). Working generally

5

demonstrates an ability to perform a substantial gainful activity, and it is inconsistent with complaints of disabling pain. *Naber v. Shalala*, 22 F.3d 186, 188-89 (8th Cir. 1994)

Owing to mild-to-moderate clinical findings, conservative treatment, and improvement over time, the ALJ properly found that Ms. Hill could return to her past relevant work. (Tr. at 20). The Court finds no reason to disturb that decision.

## VI. Conclusion:

There is substantial evidence to support the Commissioner's decision that Ms. Hill was not disabled. The ALJ properly assessed Ms. Hill's subjective complaints, and the RFC fully incorporated her limitations. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 22nd day of June, 2021.

_____
UNITED STATES MAGISTRATE JUDGE